UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHERYL GALLEY, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>NJ TRANSIT RAIL OPERATIONS, INC., )<br>)<br>Defendant ) | Civil Action Docket No. _____<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

Plaintiff, by her attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

### THE PARTIES

1. The plaintiff is a resident of the State of Pennsylvania, County of Carbon, and City of Albrightsville.

2. The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in Newark, New Jersey.

3. At all times hereinafter mentioned, the defendant employed the plaintiff as an electrician under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4. At all times hereinafter mentioned, the defendant maintained, operated and controlled Dover Yard in Dover, New Jersey which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

### JURISDICTION AND VENUE

5. The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA – 4/16/13).

6. The plaintiff brings the Second Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA – 7/11/13).

7. The plaintiff, Cheryl Galley, brings the Third Cause of Action against the defendant for violations of the Federal Rail Safety Act, 49 U.S.C. § 20109 (FRSA – 7/26/13).

8. The plaintiff, Cheryl Galley, brings the Fourth Cause of Action against the defendant for violations of the Federal Rail Safety Act, 49 U.S.C. § 20109 (FRSA – 8/14/13).

9. The plaintiff, Cheryl Galley, brings the Fifth Cause of Action against the defendant for violations of the Federal Rail Safety Act, 49 U.S.C. § 20109 (FRSA – 9/11/13).

10. This Court has subject matter jurisdiction in this case pursuant to the Federal Railroad Safety Act, 49 U.S.C. § 20109(d)(3) and pursuant to 45 U.S.C. §56.

11. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District, and defendant is subject to personal jurisdiction in this District.

**PROCEDURAL FACTS**

12. On September 9, 2013, the plaintiff filed a FRSA Complaint with the Secretary of Labor's Regional OSHA Whistleblower Office. (Exhibit 1).  That was within 180 days from the date the plaintiff became aware of the defendant's adverse or unfavorable personnel action against her.

13. On January 22, 2014, plaintiff filed a clarification of the FRSA Complaint pertaining to the 7/26/13 violations with the Secretary of Labor's Regional OSHA Whistleblower Office (Exhibit 2).

14. On January 22, 2014, plaintiff filed a clarification of the FRSA Complaint pertaining to the 8/14/13 violations with the Secretary of Labor's Regional OSHA Whistleblower Office (Exhibit 3).

15. On January 22, 2014, plaintiff filed a clarification of the FRSA Complaint pertaining to the 9/11/13 violations with the Secretary of Labor's Regional OSHA Whistleblower Office (Exhibit 4).

16. The Regional OSHA Whistleblower Office commenced its investigation, and the plaintiff fully cooperated with OSHA's investigation.  However, OSHA did not issue a final decision within 210 days after the filing of the FRSA Complaint.  The delay was not due to any bad faith on the part of the plaintiff.

17. Pursuant to Section (d)(3) of the FRSA, the plaintiff has a statutory right to bring an original action in a United States district court for a jury trial regarding the Railroad's violations of the FRSA. 49 U.S.C. § 20109(d)(3).

18. Pursuant to 49 U.S.C. § 20109(d)(3) and 45 USC § 51 et seq., the plaintiff now is bringing this original action at law and equity for *de novo* review by the United States District Court of the District of New Jersey, which Court has jurisdiction over these FRSA actions and FELA actions without regard to the amount in controversy.

**FACTS**

19. On **April 16, 2013**, plaintiff was sitting in a rail cab car on the tracks at Dover Yard on a bench behind the fireman's bench when the cab car was struck by a diesel work engine knocking her off the bench.

20. On **July 11, 2013**, the plaintiff was coming down off of a diesel work train at Dover Yard.

21. Immediately after setting foot on the ground and while still within a foot or so of the equipment, the crew operating the train began pulling away.

22. This action by the train crew put Ms. Galley at immediate risk for physical harm.

23. This action by the train crew put Ms. Galley at immediate risk of physical impact.

24. This movement of the locomotive before ensuring the Ms. Galley was in the clear, violated both NJ Transit procedures and safety rules as well as Federal Railroad Safety Regulations.

25. Within 24 hours Ms. Galley reported this close call to her supervisors at NJ Transit.

26. On **July 26, 2013** Ms. Galley was issued a Notice of Hearing which charged her with violations stemming from her July 11, 2013 injury, specifically allegedly providing a false statement in connection with the injury report and not using proper blue signal protection.

27. On or about **August 14, 2013** Ms. Galley was issued a written Letter of Warning regarding absences for the period July 29, 2013 through August 9, 2013.

28. The absences referenced in the August 14, 2013 Letter of Warning were taken at the direction of Ms. Galley's treating doctor.

29. The absences referenced in the August 14, 2013 Letter of Warning were due to plaintiff's on-the-job injuries of April 16, 2013 and July 11, 2013.

30. On or about **September 11, 2013**, Ms. Galley was issued written counseling which was placed in her personnel file for late reporting of an injury in connection with the April 16, 2013 incident.

31. On **October 29, 2013**, defendant held an investigation outside of plaintiff's presence in connection with the July 26, 2013 charges.

32. On **November 12, 2013**, defendant assessed plaintiff with 15 days suspension without pay in connection with the July 26, 2013 charges.

## COUNT I
### Violation of FELA – 4/16/13

33. The plaintiff adopts by reference and realleges each and every allegation set forth in the preceding paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

34. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

35. On or about April 16, 2013, while the plaintiff, an employee of the defendant, was in the performance of her duties as an electrician in Dover Yard, Dover, New Jersey, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff in failing to provide plaintiff with a reasonably safe place to work; in failing to warn plaintiff; in causing two of its trains to strike each other; in failing to ensure adequate clearance for two trains to pass each other within the yard; in failing to stop either of the trains prior to collision, in violation of Federal Safety Regulations; in employing unreasonably unsafe procedures; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place,

that all of the foregoing brought about severe and disabling injuries to plaintiff, including but not limited to her neck and shoulders.

36. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

37. The plaintiff was damaged thereby in the sum of $500,000.00.

## COUNT II
### Violation of FELA – 7/11/13

38. The plaintiff adopts by reference and realleges each and every allegation set forth in the preceding paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

39. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

40. On or about July 11, 2013, while the plaintiff, an employee of the defendant, was in the performance of her duties as an electrician in Dover Yard, Dover, New Jersey, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff in failing to provide plaintiff with a reasonably safe place to work; in failing to warn plaintiff; in failing to ensure plaintiff was clear of the train before operating the train and pulling away; in employing unreasonably unsafe procedures; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, including but not limited to anxiety and post-traumatic stress disorder.

41. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

42. The plaintiff was damaged thereby in the sum of $500,000.00.

## COUNT III
### Violation of FRSA – 7/26/13

43. The plaintiff adopts by reference and realleges each and every allegation set forth in the preceding paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

44. On July 26, 2013 Ms. Galley was issued a Notice of Hearing for allegedly providing a false statement in connection with the July 11, 2013 incident.

45. Ms. Galley engaged in protected activity when she reported the safety hazard as well as reporting her own injury.

46. The company took adverse action against Ms. Galley when it issued the charges. It again took adverse action when it held an investigatory hearing.

47. Finally, it took adverse action when it found Ms. Galley guilty of the charges and issued discipline against her and denied her work opportunities and denied her promotion opportunities as a result of the protected activity. In so doing, the defendant acted with reckless disregard for the law and with complete indifference to the plaintiff's rights under the FRSA.

48. The plaintiff was damaged thereby in the sum of $500,000.00.

## COUNT IV
## Violation of FRSA – 8/14/13

49. The plaintiff adopts by reference and realleges each and every allegation set forth in the preceding paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

50. On or about August 14, 2013 was issued a written Letter of Warning regarding absences for the period July 29, 2013 through August 9, 2013.

51. Ms. Galley was out of work during that period at the direction of her treating physician as a result of the April 16, 2013 and July 11, 2013 on-the-job incidents and injuries sustained therein.

52. Ms. Galley's absences constituted protected activity.

53. NJ Transit knew that Ms. Galley's absences constituted protected activity.

54. NJ Transit's Letter of Warning constitutes adverse action.

55. The adverse action was taken in whole or in part due to the protected activity.

56. The plaintiff was damaged thereby in the sum of $500,000.00.

## COUNT V
### Violation of FRSA – 9/11/13

57. The plaintiff adopts by reference and realleges each and every allegation set forth in the preceding paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

58. On or about September 11, 2013, Ms. Galley was issued written counseling which was placed in her personnel file for late reporting of injury.

59. Specifically, she was issued this written counseling in connection with her report of an injury which occurred on April 16, 2013.

60. On April 16, 2013, a diesel work locomotive came in contact with a train on which Ms. Galley was sitting. The contact was forceful enough to knock Ms. Galley from her seat. Ms. Galley did not immediately realize she was injured, however she did immediately report the incident. On April 18, 2013 Ms. Galley went to the emergency room in pain and on April 19, 2013 she formally reported to NJ Transit that she was missing time due to the April 16, 2013 incident.

61. Almost a full five months later, Ms. Galley was "counseled" for reporting the injury late. Ms. Galley engaged in protected activity when she reported the injury.

62. The company took adverse action against Ms. Galley when it issued the written counseling to her which it specifically noted was going to be placed in her file.

63. The plaintiff was damaged thereby in the sum of $500,000.00.

WHEREFORE, in order to encourage employees to freely report all injuries and safety concerns without fear of any retaliation, thereby ensuring the Federal Rail Administration has the necessary

information to develop and administer an effective rail safety regulatory program that promotes safety in every area of our nation's railroad operations, the plaintiff demands a Judgment under the FRSA for all relief necessary to make plaintiff whole, including but not limited to: expungement of all references to any disciplinary action; lost benefits with interest; lost wages with interest; compensatory damages for economic losses due to defendant's conduct; compensatory damages for mental anguish and emotional distress due to defendant's conduct; the statutory maximum of punitive damages; and special damages for all litigation costs including expert witness fees and attorney fees.

WHEREFORE, plaintiff Cheryl Galley demands judgment against the defendant on Count I in the sum of FOUR HUNDRED FIFTY THOUSAND ($500,000.00) DOLLARS; plaintiff Cheryl Galley demands judgment against the defendant on Count II in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; plaintiff Cheryl Galley demands judgment against the defendant on Count III in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; plaintiff Cheryl Galley demands judgment against the defendant on Count IV in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and, plaintiff Cheryl Galley demands judgment against the defendant on Count V in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with the costs and disbursements of this action.

Dated: April 14, 2016  Respectfully submitted

                                              ___/s/ Marc Wietzke_____
Marc T. Wietzke
Attorney for Plaintiff Cheryl Galley

FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com