<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHERYL GALLEY,<br><br>   Plaintiff,<br><br>v.<br><br><br>NEW JERSEY TRANSIT,<br><br>   Defendant. | Civil Action No.: 16-2088 (JLL)<br><br><br>**ORDER** |

  Presently before the Court is a Motion for Default Judgment by Plaintiff against Defendant. ECF No. 7. Plaintiff's motion for default judgment is unopposed. The Court has reviewed Plaintiff's motion, the pleadings, and the docket in this matter, and finds:

1. Plaintiff filed a complaint against Defendant on April 14, 2016 bringing five claims against defendant related to an accident wherein she alleges that she suffered personal injury. ECF No. 1. Plaintiff sought damages of $2,500,000 million. *Id.*

2. Plaintiff moved for default on June 8, 2016. ECF No. 5. The Clerk entered default against Defendant on June 10, 2016.

3. Plaintiff then filed the present motion for default judgment on June 21, 2016. ECF No. 7. No brief was filed with Plaintiff's "Notice of Motion" setting forth why judgment was appropriate. *See DirecTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d. Cir. 2005) ("[W]hile the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment, legal issues remain subject to its adjudication."). Plaintiff also failed to supply any documents or explanation supporting her request for $2,500,000 in damages. *See id.* Thus, her motion is deficient in that it does not provide argument supporting her request for judgment or factual record and/or basis for her claim for

damages. She simply submits a proposed order requesting the $2,500,000 in addition to $886.45 in costs—which are supported with a listing of the expenses attached to an attorney declaration. *See* ECF No. 7-6. The Court notes that, even with such an explanation, a hearing may be required. But, without any understanding of the basis for her damage claim, it is unable to identify what, if any, additional documents and/or testimony is required.

4. Finally, while Plaintiff has attached emails to Defendant related to the filing of the complaint and inquiring if and when an Answer will be filed (which pre-date filing of the present motion), she does not provide proof of service of the present motion.

Accordingly, **IT IS** on this 18 day of July, 2016,

(ECF No. 7)

**ORDERED** that Plaintiff's motion for default judgment is denied without prejudice. Plaintiff may file a properly supported motion (along with proof of service of the motion) by no later than August 15, 2016.

**IT IS SO ORDERED.**

                                                  JOSE L. LINARES
                                                  U.S.D.J.